Exhibit A

## IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| AARON KENNEDY and NICOLE KENNEDY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. _____ |
| v. | ) ) | |
| EXTRA SPACE STORAGE, INC., EXTRA SPACE MANAGEMENT, INC., SH 7310, LLC, LIFE STORAGE, LP, and GUITAR CENTER STORES, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs Aaron Kennedy and Nicole Kennedy for their Complaint against Defendants Extra Space Storage, Inc., Extra Space Management, Inc., SH 7310, LLC, Life Storage, LP, and Guitar Center Stores, Inc. ("Defendants") state as follows:

### I. PARTIES

1. Plaintiffs Aaron Kennedy and Nicole Kennedy, who are husband-and-wife, are citizens and residents of Catawissa, Pennsylvania. They are former residents of Middle Tennessee.

2. Defendant Extra Space Storage, Inc. is a Maryland corporation that conducts business in Davidson County, Tennessee.

3. Defendant Extra Space Management, Inc. is a Utah corporation that conducts business in Davidson County, Tennessee.

4. Defendant SH 7310, LLC is a Delaware limited liability company that owns and operates the commercial property located at 6350 Nolensville Pike, Nashville, Tennessee 37211.

5.     Defendant Life Storage, LP is a Delaware limited partnership that conducts business in Davidson County, Tennessee.

6.     Defendant Guitar Center Stores, Inc. ("Guitar Center") is a Delaware corporation that owns and operates the Guitar Center business located at 1000 Rivergate Pkwy, Suite 1550, Goodlettsville, Tennessee 37072.

## II. <u>JURISDICTION AND VENUE</u>

7.     This Court has subject matter jurisdiction over this cause of action.

8.     This Court has personal jurisdiction over Defendants because they own/manage property in Tennessee, conduct business in Tennessee, and this cause of action arises out of Defendants' contacts with and actions in Tennessee.

9.     Venue is proper in Davidson County because the cause of action arose in Davidson County and the property at issue was located/stored in Davidson County.

## III. <u>FACTUAL BACKGROUND</u>

10.     Plaintiff Aaron Kennedy is a professional musician and music-educator. Along with his wife, Nicole, the Kennedys own personal property, including valuable music equipment and music-related memorabilia.

11.     In early 2021, the Kennedys resided in Antioch, Tennessee, but planned to move to Pennsylvania, where they intended to refurbish a house.

12.     To facilitate their move, it was necessary for the Kennedys to find a storage facility that was contemporary, climate-controlled, and secure, where they could safely keep their valuable personal belongings and music equipment.

2

13.     Extra Space Storage is a company that owns, operates, manages, acquires, and develops self-storage facilities, including as of September 2023, over sixty storage properties in Tennessee.

14.     In July 2021, Defendant Extra Space Storage owned and operated a storage facility located at 6350 Nolensville Pike, Nashville, Tennessee 37211 (the, "Storage Facility").

15.     Extra Space Storage prominently advertised that it employed "professional managers" and used "state-of-the-art security."

16.     Extra Space Storage markets itself as committed "to being the most convenient, secure, and professional storage solution in your neighborhood."

17.     In July 2021, the Kennedys toured the Storage Facility and inquired about the security and security features at the facility.

18.     The manager of the Storage Facility advised the Kennedys that they would receive a unique access code that would only be known to them.

19.     The Kennedys were told that the access code, for protected gate and door access, was the only way to into the facility and it prevented unauthorized access to the Storage Facility.

20.     The Storage Facility Manager also advised the Kennedys that their storage unit would be equipped with a unique cylinder lock.

21.     Extra Space Storage advertised that the Storage Facility Manager stayed/lived onsite at all times.

22.     Extra Space Storage representatives advised the Kennedys that they would be given the only keys to the cylinder lock and that Extra Space Storage and its management would not and did not keep copies of keys to the cylinder lock.

3

23. Extra Space Storage also touted its hi-tech, digital video surveillance systems, and claimed that the Storage Facility would be monitored at all times by video systems and the onsite Storage Facility Manager.

24. The Kennedys reasonably believed Extra Space Storage's representations and promises regarding its security and security features.

25. Relying upon Extra Space Storage's representations regarding the security and security features of the Storage Facility, the Kennedys agreed to rent a storage unit from Extra Space Storage.

26. On July 9, 2021, the Kennedys entered into a rental agreement with Extra Space Storage for a secure, private, 10' x 5', conditioned storage unit (#820), (the, "Kennedy Unit").

27. Upon information and belief, Extra Space Storage's affiliate company, Extra Space Management, was the entity tasked with management of the Storage Facility.

28. On July 9, 2021, using their secure access code and the keys to the cylinder lock, which were represented to be the sole copies, exclusively in their possession, the Kennedys accessed the Kennedy Unit to move personal property, drums, and other music equipment into the space.

29. Extra Space Storage and Extra Space Management observed and recorded, on their surveillance system, the Kennedys moving their valuable personal property, drums, and music equipment into the Kennedy Unit.

30. The Kennedys' valuable personal property, drums, and music equipment stored in the Kennedy Unit included their (1) Stewart Copeland Drum Kit (from the David Letterman show); (2) Stewart Copeland Signature Drum Kit; and (3) Phil Collins Tribute Drum Kit.

31.     In addition to these three valuable drum kits, the Kennedys stored numerous pieces of musical equipment, training gear, monitors, computers, cameras, and memorabilia. The total value of the Kennedys' property stored in the Kennedy Unit exceeded $125,000.00 in value.

32.     After securely storing their property in the Kennedy Unit, the Kennedys locked the Kennedy Unit with their unique cylinder lock, which was sold to them by Extra Space Storage and Extra Space Management.

33.     The Kennedys planned and intended to store their property in the Kennedy Unit until certain renovations were finished at their new residence in Pennsylvania.

34.     From July 2021 to October 2023, the Kennedys did not access their secured unit.

35.     From July 2021 to October 2023, the Kennedys paid all monthly storage fees via credit card.

36.     From July 2021 to October 2023, the Kennedys received no notices from Extra Space Storage and Extra Space Management regarding theft or criminal mischief at the Storage Facility and/or involving the Kennedy Unit.

37.     In June 2022, the Kennedys did receive notice from Defendant Life Storage, regarding a "change to [their] account." Presumably, Defendant Life Storage, LP and SH 7310, LLC had taken over some control of the Storage Facility and increased the rental rate.

38.     Defendant SH 7310, LLC acquired ownership of the Storage Facility property in December 2021.

39.     On October 2, 2023, Aaron Kennedy visited the Storage Facility with the intention of retrieving his and his wife's belongings from the Kennedy Unit. He used his exclusive code to gain entry through the gate, and the same secure code provided access into the Storage Facility itself.

5

40. Upon arriving at the Kennedy Unit, Mr. Kennedy did not obverse any signs of a forced entry and/or altered lock.

41. Mr. Kennedy used his key to open the cylinder lock that secured the Kennedy Unit. When he opened the door, he discovered over 95% of the Kennedy's stored property had been stolen and was no longer in the Kennedy Unit.

42. Obviously devastated and in a state of shock, Mr. Kennedy immediately made his way to the on-site manager's office/residence to report the theft.

43. When Mr. Jeff, the manager/agent representing Extra Space Storage, Extra Space Management, Life Storage, and SH 7310, LLC, arrived, he was uncooperative and dismissive.

44. Mr. Jeff asked Mr. Kennedy to leave the premises.

45. The manager/agent refused to review the surveillance video upon Mr. Kennedy's request.

46. The manager/agent informed Mr. Kennedy that he could contact Life Storage, but the manager/agent refused to call the police.

47. Mr. Kennedy called Life Storage and reported the theft.

48. Mr. Kennedy also called the police to file a criminal report.

49. On October 4, 2023, the Kennedys received an email from Bill Doyle, the District Manager of Extra Space Storage and Life Storage.

50. Initially, Mr. Doyle offered to assist the Kennedys in recovering their stolen property.

51. Later on October 4, 2023, the Kennedys spoke with Mr. Doyle by phone.

52.     On that call, Mr. Doyle told the Kennedys that he was "pretty confident" than an employee or former employee of Extra Space Storage, Extra Space Management, and/or Life Storage committed the theft.

53.     Despite Mr. Doyle's stated confidence, Mr. Doyle refused to provide the Kennedys with the name of the individual who he suspected of stealing the Kennedy's property.

54.     Upon information and belief, Extra Space Storage, Extra Space Management, Life Storage, and SH 7310, LLC were all aware of recurring internal thefts orchestrated by insiders/employees/former-employees at the Storage Facility during the period of time between July 2021 to October 2023, and possibly predating July 2021.

55.     Despite Defendants' knowledge of multiple instances of theft during the Kennedys' rental term, the Defendants did not inform the Kennedys or the other customers of the instances of theft and the heightened risk of theft of their property stored at the Storage Facility.

56.     Despite Defendants' knowledge of multiple instances of theft during the Kennedys' rental term, Defendants did not take adequate measures to prevent thefts from continuing.

57.     After Mr. Doyle confessed that he was "pretty confident" that an employee or former employee of Extra Space Storage, Extra Space Management, and/or Life Storage had stolen the Kennedy property, he was "instructed" by his superiors to stop communicating with the Kennedys.

58.     Metro Nashville Police informed the Kennedys that their three valuable drum kits had been pawned to the Guitar Center store in Goodlettsville, Tennessee.

59.     Guitar Center operates as a pawn shop in Tennessee.

60.     Guitar Center advertises that it will pay $1,000 cash, upfront, for musical gear and promises a "same-day" and "hassle-free" process.

61. Pawn shops have numerous obligations to verify that pawned items are not stolen before accepting them, including checking serial numbers, requiring identification, and keeping a detailed description of the person pawning the item.

62. In addition, pawn shops in Tennessee are required to post a sign in a conspicuous place in the shop, stating that it is crime to pawn stolen property and further required to train their employees on how to identify stolen property, and report any suspicious activity to the police.

63. Guitar Center accepted the Kennedys' three stolen drum kits from the thief in violation of Tennessee law.

64. Any reasonable person or trained employee would have known that these three drum kits were stolen.

65. Upon information and belief, the thief is a non-resident, non-musician, who arrived at the Guitar Center in Goodlettsville with three valuable and rare drum kits, two of which bore "custom" markings, with no paperwork or proof of purchase.

66. Guitar Center did not require any proof of purchase or verification from the person who stole the Kennedy's property.

67. Instead, Guitar Center paid the thief "hassle-free" cash for the three drum kits and then resold those kits for a profit.

68. Guitar Store had an obligation to report this suspicious activity to the police.

## IV. CAUSES OF ACTION

### (Count I) – Breach of Contract
### (Against Extra Space Storage)

69. Plaintiffs incorporate all allegations set forth in the foregoing paragraphs.

70. Plaintiffs performed all conditions required of them under the rental agreement by paying Defendant Extra Space Storage.

71.     Defendant Extra Space Storage breached the rental agreement by failing to provide adequate security for the Storage Facility and the Plaintiffs' property stored therein.

72.     Defendant Extra Space Storage breached the rental agreement by giving unauthorized person(s) access to Plaintiffs' property and to the Kennedy Unit.

73.     Defendant Extra Space Storage was obligated to act in good faith and deal fairly with Plaintiffs under an implied covenant of good faith and fair dealing.

74.     Defendant Extra Space Storage materially breached the said covenant and frustrated the purpose of the contract by their actions described herein, including refusing to work with Plaintiffs in good faith after the theft was discovered by Plaintiffs.

75.     Because of Defendant Extra Space Storage's breaches, Plaintiffs suffered damages, including property damage in an amount no less than $125,000.00.

**(Count II) – Negligence**
**(Against Extra Space Storage, Extra Space Management, Life Storage, and SH 7310)**

76.     Plaintiffs incorporate all allegations set forth in the foregoing paragraphs.

77.     Defendants Extra Space Storage, Extra Space Management, Life Storage, and SH 7310 owed Plaintiffs a duty of care to provide adequate security for the Storage Facility and the Plaintiffs' property stored therein.

78.     Defendants publicize and emphasize their advanced security measures and professionally qualified property managers to their clientele, recognizing that clients prioritize the safety and security of their personal possessions stored at Defendants' Storage Facility.

79.     Due to the nature of the theft, the failure to produce security footage, and the lack of forced entry, only an employee and/or agent of Defendants Extra Space Storage, Extra Space Management, Life Storage, and SH 7310 could have been responsible for the theft of Plaintiffs' property.

80. Only employees and/or agents of Defendants Extra Space Storage, Extra Space Management, Life Storage, and SH 7310 knew that Plaintiffs had stored valuable music equipment in the Kennedy Unit.

81. Defendants breached their duty of care to the Kennedys by failing to maintain adequate security at the Storage Facility.

82. Defendants failed to take reasonable measures to prevent theft at the Storage Facility, despite knowledge of prior theft by employees/former-employees/agents of Defendants.

83. Because of Defendants' negligent actions, Plaintiffs have suffered damages.

84. Plaintiffs are entitled to a judgment against Defendants for all damages suffered because of Defendants' negligence in an amount to be determined at trial.

**(Count III) – Gross Negligence**
**(Against Extra Space Storage, Extra Space Management, Life Storage, and SH 7310)**

85. Plaintiffs incorporate all allegations set forth in the foregoing paragraphs.

86. Defendants Extra Space Storage, Extra Space Management, Life Storage, and SH 7310 owed the Plaintiffs a duty of care to provide adequate security for the Storage Facility and the Plaintiffs' property stored therein.

87. Defendants publicize and emphasize their advanced security measures and professionally qualified property managers to their clientele, recognizing that clients prioritize the safety and security of their personal possessions stored at Defendants' Storage Facility.

88. Due to the nature of the theft, the failure to produce security footage, and the lack of forced entry, only an employee and/or agent of Defendants Extra Space Storage, Extra Space Management, Life Storage, and SH 7310 could have been responsible for the theft of Plaintiffs' property.

89.     Only employees and/or agents of Defendants Extra Space Storage, Extra Space Management, Life Storage, and SH 7310 knew that Plaintiffs had stored valuable music equipment in the Kennedy Unit.

90.     Defendants breached their duty of care to the Kennedys by failing to maintain adequate security at the Storage Facility.

91.     By disabling the security system, hiring criminals, allowing criminals access to the Storage Facility, providing non-employees and non-customers with access to the Storage Facility without credentials, Defendants acted with a reckless disregard for the safety and security of Plaintiffs and Plaintiffs' property.

92.     Defendants failed to take reasonable measures to prevent theft at the Storage Facility, despite knowledge of prior theft by employees/former-employees/agents of Defendants.

93.     Defendants' actions were done with the utter lack of concern for the safety of others, and done with the reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

94.     Because of Defendants' grossly negligent actions, Plaintiffs have suffered damages.

95.     Plaintiffs are entitled to a judgment against Defendants for all damages suffered because of Defendants' gross negligence in an amount to be determined at trial.

96.     Because of Defendants' willful, intentional, malicious, and/or reckless breach of duties, an award of punitive damages is appropriate to punish Defendants and deter this type of behavior.

### (Count IV) – Tennessee Consumer Protection Act, T.C.A. 47-18-101, *et seq.* (Against Extra Space Storage)

97.     Plaintiffs incorporate all allegations set forth in the foregoing paragraphs.

98. In violation of the Tennessee Consumer Protection Act, Defendant Extra Space Storage engaged in unlawful acts and practices, which resulted in the theft and damage of Plaintiffs' property.

99. By the actions as described herein, Defendant Extra Space Storage violated the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.,* by engaging in the following unfair and deceptive practices:

    a. Unlawfully representing that the Extra Space Storage facility had state-of-the-art security characteristics and uses that it did not have;

    b. Unlawfully representing that the Extra Space Storage facility and security system was of a "particular standard, quality or grade"; and

    c. Unlawfully advertising state-of-the-art security services on its website with intent not to offer those security features as advertised.

100. Defendant's violations of the Tennessee Consumer Protection Act were willful and/or knowing, entitling Plaintiffs to treble their actual damages, in addition to the recovery of their attorneys' fees and costs.

**(Count V) – Conversion**
**(Against Guitar Center)**

101. Plaintiffs incorporate all allegations set forth in the foregoing paragraphs.

102. In July 2021, Plaintiffs were in possession and control and/or had the right to possess and control their personal property located in a secure room within the Kennedy Unit.

103. At some point after, the exact date or dates unknown to the Kennedys, Defendant Guitar Center wrongfully converted Plaintiffs' personal property, and it wrongfully asserted dominion and control over Plaintiffs' property without permission or consent from Plaintiffs.

104. Defendant Guitar Center knew and/or should have known that it had no right, ownership, control, and/or interest to Plaintiffs' property.

105.	As a direct and proximate result of Defendant Guitar Center's conversion, the Plaintiffs were deprived of the dominion and control of their property, which resulted in damages, including direct and consequential damages, which are the natural, reasonable, and proximate results of the conversion, to be determined at trial.

106.	The acts of Defendant Guitar Center were willful, wanton, malicious, and oppressive, and justify an award of punitive damages to punish Guitar Center and deter this type of behavior.

### (Count VI) – Violation of the Pawnbrokers Act
### (Against Guitar Center)

107.	Plaintiffs incorporate all allegations set forth in the foregoing paragraphs.

108.	Defendant Guitar Center is a pawnbroker and pawnshop as defined by Tenn. Code Ann. § 45-6-201, *et seq.*

109.	For the pawn transactions involving Plaintiffs' property, Defendant Guitar Center failed to keep accurate records as required by Tenn. Code Ann. § 45-6-209.

110.	For the pawn transactions involving Plaintiffs' property, Defendant Guitar Center failed to deliver the records to the appropriate law enforcement agency, by mail or in person, within forty-eight (48) hours following the day of the transaction(s).

111.	Defendant Guitar Center violated the Pawnbrokers Act § 212 by (a) accepting Plaintiff's property from an individual known to be a thief, without notifying a police officer; and (b) failing to exercise reasonable care to protect Plaintiffs' property from loss or damage.

112.	Defendant Guitar Center violated the Pawnbrokers Act failing to return, replace, and/or repair Plaintiffs' property.

113. Defendant Guitar Center violated the Pawnbrokers Act by failing to display a sign over entrance with the words "Licensed Pawnbroker." It is unknown whether Defendant Guitar Center maintains a pawnbroker's license.

114. Plaintiffs seek compensatory damages and attorneys' fees for Guitar Center's violations of the Pawnbrokers Act.

**WHEREFORE,** Plaintiffs request the following relief against Defendants:

A.     Damages in an amount to be proven at trial, but no less than $125,000.00;

B.     Punitive and/or treble damages;

C.     An award of all Court costs and discretionary costs incurred in connection with this action;

D.     An award of Plaintiffs' attorneys' fees and expenses;

E.     Pre-judgment interest;

F.     Post-judgment interest; and

G.     Such other general and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ Howell O'Rear
Howell O'Rear (BPR #26509)
Seth M. McInteer (BPR #26471)
McInteer & O'Rear PLC
2209 Crestmoor Rd., Ste. 310
Nashville, TN 37215
howell@mcolawfirm.com
seth@mcolawfirm.com
Ph. 615-724-6207
Fax 615-523-1311

*Attorneys for Plaintiffs*

14

E-FILED
12/7/2023 12:45 PM
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

E-FILED
12/1/2023 1:21 PM
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

| STATE OF TENNESSEE | | CASE FILE NUMBER |
|---|---|---|
| 20TH JUDICIAL DISTRICT | **SUMMONS** | |
| CHANCERY COURT | | 23-1517-I |

| PLAINTIFFS, | DEFENDANTS, |
|---|---|
| Aaron Kennedy and Nicole Kennedy | Extra Space Storage, Inc., Extra Space Management, Inc., SH 7310, LLC, Life Storage, LP, and Guitar Center Stores, Inc. |

TO:    (NAME AND ADDRESS OF DEFENDANT)

Method of Service:

Guitar Center Stores, Inc.
Registered Agent CT Corp.                          X   Certified Mail
300 Montvue Road                                   0   Davidson Co. Sheriff
Knoxville, TN 37919                                0   *Comm. Of Insurance
                                                   0   *Secretary of State
                                                   0   *Out of County Sheriff
                                                   0   Private Process Server
                                                   0   Other
List each defendant on a separate summons.             *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | **FILED, ISSUED & ATTESTED** |
|---|---|
| Howell O'Rear | 12/1/2023 |
| Seth McInteer | **Clerk and Master** |
| McInteer & O'Rear PLC | By: /s/ Bettie Ross  **1 Public Square** |
| 2209 Crestmoor Rd., Ste. 310 | **Suite 308** |
| Nashville, Tennessee 37215 | **Nashville, TN 37201** |
| 615-724-6207 | **Deputy Clerk & Master** |

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18. If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| **TO THE SHERIFF:** | **DATE RECEIVED** |
|---|---|
| | **Sheriff** |
| ***Submit one original plus one copy for each defendant to be served. | ⚥ADA Coordinator, Maria M. Salas (862-5710) |

**RETURN ON SERVICE OF SUMMONS**

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____     ☐ Not Found _____
☐ Not Served _____     ☐ Other _____

| DATE OF RETURN: | By: |
| | |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ / _____ day of _____ Dec _____ , 20 2 3 sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____ . On the _7_ day of _Dec_ , 20 2 3 received the return

receipt, which had been signed by _Samantha Sutton_ on the _5_ day of _Dec_ , 20 2 3

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____ , 20___. Signature of _____ Notary Public or _____ Deputy Clerk My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |

### NOTICE OF PERSONAL
### PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
          1 Public Square
          Suite 308
          Nashville TN 37201

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA SALAS, Clerk & Master By: /s/ Bettie Ross |
| | |
| | D.C. & M. |

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Registered Agent CT Corp.
   Extra Space Storage. Inc.
   Extra Space Management. Inc..
   SH 7310. LLC
   Life Storage. LP.
   Guitar Center Stores. Inc.

9590 9402 4096 8092 2383 28

2. Article Number *(Transfer from service label)*

7018 1130 0000 0658 2642

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☑ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

DEC 05 2023

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ...stricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Knoxville, TN 37901

Certified Mail Fee   $4.35

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy)          $
- ☐ Return Receipt (electronic)        $
- ☐ Certified Mail Restricted Delivery $
- ☐ Adult Signature Required           $
- ☐ Adult Signature Restricted Delivery $

Postage   $4.23

Total Postage and Fees
$12.13

Sent To   McInteer & O'Rear PLC
          2209 Crestmoor Rd. Ste 310
          Nashville, TN 37215

See Reverse for Instructions

| STATE OF TENNESSEE 20ᵀᴴ JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER 23-1517-I |
|---|---|---|

| PLAINTIFFS, Aaron Kennedy and Nicole Kennedy | DEFENDANTS, Extra Space Storage, Inc., Extra Space Management, Inc., SH 7310, LLC, Life Storage, LP, and Guitar Center Stores, Inc. |
|---|---|

TO:    (NAME AND ADDRESS OF DEFENDANT)

SH 7310 LLC
Registered Agent CT Corp.
300 Montvue Road
Knoxville, TN 37919

Method of Service:

X  Certified Mail
0  Davidson Co. Sheriff
0  *Comm. Of Insurance
0  *Secretary of State
0  *Out of County Sheriff
0  Private Process Server
0  Other

List each defendant on a separate summons.          *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) Howell O'Rear Seth McInteer McInteer & O'Rear PLC 2209 Crestmoor Rd., Ste. 310 Nashville, Tennessee 37215 615-724-6207 | FILED, ISSUED & ATTESTED 12/1/2023 |
|---|---|
| | **Clerk and Master** By: /s/ Bettie Ross  **1 Public Square Suite 308 Nashville, TN 37201 Deputy Clerk & Master** |

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18. If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | **Sheriff** |
| ***Submit one original plus one copy for each defendant to be served. | ADA Coordinator, Maria M. Salas (862-5710) |

**RETURN ON SERVICE OF SUMMONS**

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____   ☐ Not Found _____
☐ Not Served _____   ☐ Other _____

| DATE OF RETURN: | By: |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the __1__ day of __Dec__ , 20_23_ I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____ . On the __7__ day of __Dec__ , 20_23_ I received the return

receipt, which had been signed by __Samatha Sultan__ on the __5__ day of __Dec__ , 20_23_

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____ _____, 20___. | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of ____ Notary Public or ____ Deputy Clerk | |
| My Commission Expires: | |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
1 Public Square
Suite 308
Nashville TN 37201

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA SALAS, Clerk & Master |
| | By: /s/ Bettie Ross |
| | D.C. & M. |

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Registered Agent CT Corp.
   Extra Space Storage. Inc.
   Extra Space Management. Inc..
   SH 7310. LLC
   Life Storage. LP.
   Guitar Center Stores. Inc.

9590 9402 4096 8092 2383 28

2. Article Number *(Transfer from service label)*

7018 1130 0000 0658 2642

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by *(Printed Name)*  C. Date of Delivery
DEC 05 2023

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...stricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Knoxville TN 37919 OFFICIAL USE

Certified Mail Fee  $4.35  0291

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $

Postage  $4.27

Total Postage and Fees  $12.12

Sent To  McInteer & O'Rear PLC
         2209 Crestmoor Rd. Ste 310
         Nashville, TN 37215

See Reverse for Instructions

| STATE OF TENNESSEE 20TH JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER 23-1517-I |
|---|---|---|

| PLAINTIFFS, | DEFENDANTS, |
|---|---|
| Aaron Kennedy and Nicole Kennedy | Extra Space Storage, Inc., Extra Space Management, Inc., SH 7310, LLC, Life Storage, LP, and Guitar Center Stores, Inc. |

TO:    (NAME AND ADDRESS OF DEFENDANT)

Life Storage, LP
Registered Agent CT Corp.
300 Montvue Road
Knoxville, TN 37919

Method of Service:

X   Certified Mail
0   Davidson Co. Sheriff
0   *Comm. Of Insurance
0   *Secretary of State
0   *Out of County Sheriff
0   Private Process Server
0   Other
     *Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | FILED, ISSUED & ATTESTED 12/1/2023 |
|---|---|
| Howell O'Rear Seth McInteer McInteer & O'Rear PLC 2209 Crestmoor Rd., Ste. 310 Nashville, Tennessee 37215 615-724-6207 | By:/s/Bettie Ross   **Clerk and Master** **1 Public Square** **Suite 308** **Nashville, TN 37201** **Deputy Clerk & Master** |

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18. If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| **TO THE SHERIFF:** | **DATE RECEIVED** |
|---|---|
| | **Sheriff** |
| ***Submit one original plus one copy for each defendant to be served. | ADA Coordinator, Maria M. Salas (862-5710) |

**RETURN ON SERVICE OF SUMMONS**

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____  ☐ Not Found _____
☐ Not Served _____  ☐ Other _____

| DATE OF RETURN: | By: |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the ___1___ day of __Dec_____, 20_23_ I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____. On the _7_ day of __Dec_____, 2023 I received the return

receipt, which had been signed by ___Somah Sutton___ on the _5_ day of __Dec__, 20_23_

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____ _____, 20___. | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of ____ Notary Public or ____ Deputy Clerk | |
| My Commission Expires: | |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

    Mail list to: Clerk & Master
                1 Public Square
                Suite 308
                Nashville TN 37201

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA SALAS, Clerk & Master |
| | By: /s/ Bettie Ross |
| | D.C. & M. |

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Registered Agent CT Corp.
   Extra Space Storage. Inc.
   Extra Space Management. Inc..
   SH 7310. LLC
   Life Storage. LP.
   Guitar Center Stores. Inc.

9590 9402 4096 8092 2383 28

2. Article Number *(Transfer from service label)*

7018 1130 0000 0658 2642

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____  ☐ Agent
                           ☐ Addressee
B. Received by *(Printed Name)*     C. Date of Delivery
DEC 05 2023

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ................ stricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt



## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

Knoxville TN 37919    OFFICIAL USE

Certified Mail Fee  $4.35                    0291

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage  $4.27

Total Postage and Fees
$12.12

Sent To
McInteer & O'Rear PLC
2209 Crestmoor Rd. Ste 310
Nashville, TN 37215

*See Reverse for Instructions*

7018 1130 0000 0658 2642

| STATE OF TENNESSEE 20ᵀᴴ JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER 23-1517-I |
|---|---|---|

| PLAINTIFFS, | DEFENDANTS, |
|---|---|
| Aaron Kennedy and Nicole Kennedy | Extra Space Storage, Inc., Extra Space Management, Inc., SH 7310, LLC, Life Storage, LP, and Guitar Center Stores, Inc. |

TO:    (NAME AND ADDRESS OF DEFENDANT)

Extra Space Management, Inc.
Registered Agent CT Corp.
300 Montvue Road
Knoxville, TN 37919

Method of Service:

X   Certified Mail
0   Davidson Co. Sheriff
0   *Comm. Of Insurance
0   *Secretary of State
0   *Out of County Sheriff
0   Private Process Server
0   Other

List each defendant on a separate summons.                    *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | FILED, ISSUED & ATTESTED |
|---|---|
| Howell O'Rear Seth McInteer McInteer & O'Rear PLC 2209 Crestmoor Rd., Ste. 310 Nashville, Tennessee 37215 615-724-6207 | 12/1/2023 |
| | By: /s/ Bettie Ross    **Clerk and Master 1 Public Square Suite 308 Nashville, TN 37201 Deputy Clerk & Master** |

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18. If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | **Sheriff** |
| ***Submit one original plus one copy for each defendant to be served. | ᵇADA Coordinator, Maria M. Salas (862-5710) |

### RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____ ☐ Not Found _____
☐ Not Served _____ ☐ Other _____

| DATE OF RETURN: | By: |
| | |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the __1__ day of __Dec__ , 20 _23_, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____. On the __7__ day of __Dec__ , 20 _2 3_ I received the return

receipt, which had been signed by __Samtha Sutton__ on the __5__ day of __Dec__ , 20 _23_

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____ , 20___. | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of _____ Notary Public or _____ Deputy Clerk | |
| My Commission Expires: | |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
1 Public Square
Suite 308
Nashville TN 37201

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA SALAS, Clerk & Master |
| | By: /s/ Bettie Ross |
| | D.C. & M. |

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Registered Agent CT Corp.
   Extra Space Storage. Inc.
   Extra Space Management. Inc..
   SH 7310. LLC
   Life Storage. LP.
   Guitar Center Stores. Inc.

9590 9402 4096 8092 2383 28

2. Article Number *(Transfer from service label)*

7018 1130 0000 0658 2642

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☑ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
DEC 05 2023

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...stricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Knoxville, TN 37919

OFFICIAL USE

Certified Mail Fee $4.35    0291

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage $4.23

Total Postage and Fees $12.12

Sent To
McInteer & O'Rear PLC
2209 Crestmoor Rd. Ste 310
Nashville, TN 37215

See Reverse for Instructions

| STATE OF TENNESSEE 20TH JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER 23-1517-I |
|---|---|---|

| PLAINTIFFS, | DEFENDANTS, |
|---|---|
| Aaron Kennedy and Nicole Kennedy | Extra Space Storage, Inc., Extra Space Management, Inc., SH 7310, LLC, Life Storage, LP, and Guitar Center Stores, Inc. |

TO:   (NAME AND ADDRESS OF DEFENDANT)

Extra Space Storage, Inc.
Registered Agent CT Corp.
300 Montvue Road
Knoxville, TN 37919

Method of Service:

X   Certified Mail
0   Davidson Co. Sheriff
0   *Comm. Of Insurance
0   *Secretary of State
0   *Out of County Sheriff
0   Private Process Server
0   Other
      *Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number)  Howell O'Rear Seth McInteer McInteer & O'Rear PLC 2209 Crestmoor Rd., Ste. 310 Nashville, Tennessee 37215 615-724-6207 | FILED, ISSUED & ATTESTED  12/1/2023 |
|---|---|
| | **Clerk and Master** By: /s/ Bettie Ross  **1 Public Square Suite 308 Nashville, TN 37201 Deputy Clerk & Master** |

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18. If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| **TO THE SHERIFF:** | **DATE RECEIVED** |
|---|---|
| | **Sheriff** |
| ***Submit one original plus one copy for each defendant to be served. | ADA Coordinator, Maria M. Salas (862-5710) |

**RETURN ON SERVICE OF SUMMONS**

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____     ☐ Not Found _____
☐ Not Served _____     ☐ Other _____

| DATE OF RETURN: | By: |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the ___1___ day of ___Dec___ , 20_23_ sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____. On the _7_ day of ___Dec___ , 20_23_ received the return

receipt, which had been signed by ___Samantha Sutton___ on the _5_ day of ___Dec___ , 20_23_

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____ , 20___. <br><br> Signature of ____ Notary Public or ____ Deputy Clerk <br><br> My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

    Mail list to: Clerk & Master
               1 Public Square
               Suite 308
               Nashville TN 37201

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA SALAS, Clerk & Master <br><br> By: /s/ Bettie Ross <br><br>                                    D.C. & M. |

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Registered Agent CT Corp.
   Extra Space Storage. Inc.
   Extra Space Management. Inc..
   SH 7310. LLC
   Life Storage. LP.
   Guitar Center Stores. Inc.

9590 9402 4096 8092 2383 28

2. Article Number *(Transfer from service label)*

7018 1130 0000 0658 2642

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by *(Printed Name)*      C. Date of Delivery
   DEC 05 2023

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...stricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Knoxville, TN 37919   OFFICIAL USE

Certified Mail Fee   $4.35            0291

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage   $4.27

Total Postage and Fees
$12.12

Sent To
   McInteer & O'Rear PLC
   2209 Crestmoor Rd. Ste 310
   Nashville, TN 37215

See Reverse for Instructions